-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ROSE COLQUHOUN,

        Plaintiff,

-v-

        DECISION AND ORDER
        13-CV-0126M

SERGEANT BAUGHER, CAPTAIN DALE
SCALISE, DEPUTY SUPERINTENDENT OF
SECURITY CALDWELL, SUPERINTENDENT
WILLIAM POWERS, COMMISSIONER BRIAN
FISCHER, and THERAPIST MAY,

        Defendants.

---



## **INTRODUCTION**

Plaintiff, who is incarcerated at Albion Correctional Facility, has requested permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and has both met the statutory requirements and furnished the Court with a signed Authorization. Accordingly, plaintiff's request to proceed as a poor person is hereby granted. In addition, plaintiff's complaint has been reviewed by the Court with respect to the 28 U.S.C. §§ 1915(e)(2)(B) and 1915A criteria.

Plaintiff alleges, pursuant to 42 U.S.C. § 1983, that while housed at Albion Correctional Facility, she was wrongfully accused by defendants of having unauthorized contact with an individual on parole in violation of disciplinary rules. Plaintiff alleges she suffered harm as a result of this wrongful accusation.

For the reasons discussed below, plaintiff's complaint is dismissed with prejudice for failure to state a claim.

# DISCUSSION

Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this complaint. The Court shall dismiss a complaint if the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *see also Abbas v. Dixon,* 480 F.3d 636 (2d Cir. 2007).

In evaluating the complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted); *see also Boykin v. Keycorp*, 521 F.3d 202, 213 (2d Cir 2008) (discussing pleading standard in *pro se* cases after *Twombly*). "A document filed *pro se* is to be liberally construed, ..., and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson,* 551 U.S. at 94 (internal quotation marks and citations omitted).

Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal " 'unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim.' " *Abbas,* 480 F.3d at 639 (quoting *Gomez v. USAA Federal Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999) (per curiam)). While the usual practice is to allow leave to replead a deficient complaint, *see* Fed.R.Civ.P. 15(a); *see also Ronzani v. Sanofi, S.A.*, 899 F.2d 195, 198 (2d Cir. 1990), such leave may be denied where amendment would

be futile, *see Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (per curiam) ("Where it appears that granting leave to amend is unlikely to be productive, ... it is not an abuse of discretion to deny leave to amend."). For the reasons discussed below, it would be futile to allow plaintiff to file an amended complaint. The complaint is, therefore, dismissed with prejudice.

**Plaintiff's Allegations**

Plaintiff states that on August 1, 2012, she was served with a misbehavior report alleging she had engaged in unauthorized contact with an individual on parole in violation of disciplinary rules. Plaintiff was charged with violating rules on visiting, correspondence and packages. Plaintiff states that this was a case of mistaken identity: defendants confused the individual having contact with plaintiff with his son, who was on parole. Both the father and son have the same name. Plaintiff states that defendants revised the incorrect determination on August 7, 2012 as a result of a disciplinary hearing in which plaintiff was found not guilty.

**Section 1983 Action**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)). Plaintiff claims that as a result of defendants' wrongful identification of the individual as a parolee she was subject to various unconstitutional acts, as described below.

Investigation

Plaintiff alleges a due process violation relating to the manner in which defendants conducted the investigation. She states that the investigation was poorly conducted and as a result she was subjected to unwarranted negative action by the defendants.

Plaintiff has not stated a cause of action based on the manner in which the investigation was conducted. "There is ... no constitutional right to an investigation by government officials," *Stone v. Department of Investigation of New York*, 1992 WL 25202 (S.D.N.Y. Feb. 4, 1992) (citing *Gomez v. Whitney*, 757 F.2d 1005 (9th Cir. 1985); *Chapman v. Musich*, 726 F.2d 405 (8th Cir.), *cert. denied*, 469 U.S. 931 (1984)), and there is "no instance where the courts have recognized inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved." *Gomez*, 757 F.2d at 1006. *See also Smith v. Goord*, 2012 WL 651535, at *5-6 (W.D.N.Y. Feb. 28, 2012).

Plaintiff is attempting to allege a civil rights violation based on the investigation itself. As discussed below, however, this claim fails because plaintiff fails to provide facts indicating that in addition to the inadequate investigation there was another violation of her constitutional rights.

Mail and Correspondence

Plaintiff alleges a first amendment violation resulting from defendant Powers having authorized monitoring of her incoming and outgoing mail and withholding packages for a period of time. She alleges that the mail in question was "regular USPS mail." Plaintiff does not allege that she was denied access to the Courts or that legal mail was monitored or delayed. It appears that any monitoring and delay in the handling of plaintiff's mail ended soon after the August 7, 2012 hearing concluded.

Plaintiff has not provided sufficient information to allege a violation of the First Amendment related to the monitoring and delay in receipt of mail.

> In addition to the right of access to the courts, a prisoner's right to the free flow of incoming and outgoing mail is protected by the First Amendment. *See Heimerle v. Attorney General*, 753 F.2d 10, 12-13 (2d Cir.1985); *Hudson v. Greiner*, No. 99 Civ. 12339, 2000 WL 1838324, at * 5 (S.D.N.Y. Dec.13, 2000). Restrictions on prisoners' mail are justified only if they "further[ ] one or more of the substantial governmental interests of security, order, and rehabilitation ...[and] must be no greater than is necessary or essential to the protection of the particular governmental interest involved." *Washington v. James*, 782 F.2d 1134, 1139 (2d Cir.1986) (internal citations and quotation marks omitted).

*Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003).

Plaintiff has failed to allege that the defendants' actions regarding her mail are of a constitutional dimension. She has alleged "monitoring" of her incoming and outgoing mail and that packages were withheld "for a period of time." Plaintiff does not indicate that defendants took this action for any longer than necessary to conduct the investigation, that the actions were not taken to maintain security, or that there were any impermissable reasons for the defendants' actions.

Search and Seizure

Plaintiff alleges she was subject to unconstitutional search and seizure when the "Program Folder" that she was carrying was searched on July 31, 2012. She further alleges violations resulting from the cell and locker search that took place on July 31, 2012, as well as the resulting confiscation of photos, one greeting card, one letter and one envelope related to the individual in question.

Plaintiff has failed to allege a search and seizure violation. It is well-settled that the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell. *See Hudson v. Palmer*, 468 U.S. 517, 527-528 (1984). As the Supreme Court stated,

5

"[t]he recognition of privacy rights for prisoners in their individual cells simply cannot be reconciled with the concept of incarceration and the needs and objectives of penal institutions." *Id.*

Plaintiff merely alleges that in the course of conducting an investigation, on one occasion defendants searched a folder she was carrying, and her cell, and that defendants then confiscated minimal correspondence and photos. Without more, this does not state a constitutional claim.

Medical Care

Plaintiff alleges that she was denied adequate medical care in the nature of mental health treatment. She states in Count Three of her complaint that she had an initial session with a mental health therapist but received no follow up care. In the body of her complaint, however, she states that she has "an open and active case with the Office of Mental Health." She also states that defendant Fischer was "grossly negligent" for failing to supervise subordinates in regard to her mental health care.

Plaintiff has not alleged sufficient facts for an Eighth Amendment medical care claim. A claim of inadequate medical care rises to the level of a constitutional violation only where the facts alleged show that defendant was deliberately indifferent to a plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). *See also Ross v. Kelly*, 784 F.Supp. 35, 43-44 (W.D.N.Y.), *aff'd*, 970 F.2d 896 (2d Cir.), *cert. denied*, 506 U.S. 1040 (1992). "A serious medical condition exists where 'the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.'" *Harrison v. Barkley*, 219 F.3d 132, 136-137 (2d Cir. 2000) (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (internal quotation marks omitted)).

An isolated failure to provide medical treatment, without more, is generally not actionable unless "the surrounding circumstances suggest a degree of deliberateness, rather than inadvertence, in the failure to render meaningful treatment." *Gil v. Mooney*, 824 F.2d 192, 196 (2d Cir. 1987). Plaintiff does not allege deliberate conduct on the part of defendants and therefore plaintiff has failed to allege a constitutional violation.

Further, plaintiff attempts to hold defendant Fischer liable for the actions of the therapist at the Office of Mental Health, but fails to provide facts in support of her conclusory claims that he was "personally involved...grossly negligent" and "he did not adequately supervise the subordinates." Plaintiff is advised that a prerequisite for liability under § 1983 is personal involvement by the defendants in the alleged constitutional deprivation. *Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997); *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986). Such involvement on the part of a supervisory official may be shown in one of several ways:

> if he or she (1) directly participated in the violation; (2) failed to remedy the violation after learning of it through a report or appeal; (3) created a custom or policy fostering the violation or allowed the custom or policy to continue after learning of it; or (4) was grossly negligent in supervising subordinates who caused the violation.

*Sealey v. Giltner*, 116 F.3d at 51 (citing *Williams v. Smith*, 781 F.2d at 323-24).

Plaintiff has done nothing more that make conclusory allegations to support a claim that defendant Fischer is liable as a supervisor. This is insufficient, as a *pro se* plaintiff's "conclusory allegation ... without evidentiary support or allegations of particularized incidents, does not state a valid claim." *Butler v. Castro*, 896 F.2d 698, 700 (2d Cir. 1990).

Equal Protection

Plaintiff also states that she has an Equal Protection claim based on "discrimination and retaliation" but does not state facts to support such a claim. At its core, equal protection prohibits the government from treating similarly situated persons differently. *See City of Cleburne v. Cleburne Living Center*, 473 U.S. 432 (1985); *Sound Aircraft Services, Inc. v. Town of East Hampton*, 192 F.3d 329, 335 (2d Cir. 1999); *Brady v. Town of Colchester*, 863 F.2d 205, 216 (2d Cir. 1988). Generalized allegations are insufficient to make out an equal protection claim. *See Crawford-El v. Britton*, 523 U.S. 574, 592 (1998) ("When intent is an element of a constitutional violation ... the primary focus is not on any possible animus directed at the plaintiff; rather, it is more specific, such as an intent to disadvantage all members of a class that includes the plaintiff").

In order to claim that defendants' conduct violates her equal protection rights, plaintiff must allege that:

> (1) ... compared with others similarly situated, [plaintiff] was selectively treated, and (2) the selective treatment was motivated by an intention to discriminate on the basis of impermissible considerations, such as race or religion, to punish or inhibit the exercise of constitutional rights, or by a malicious or bad faith intent to injure the person.

*Wayte v. United States*, 470 U.S. 598, 608-09 (1985); *FSK Drug Corp. v. Perales*, 960 F.2d 6, 10 (2d Cir. 1992). Equal protection claims may be brought in the prison context, however, plaintiff has not provided allegations of an equal protection claim. *See Johnson v. California*, 543 U.S. 499 (2005); *Benjamin v. Coughlin*, 905 F.2d 571 (2d Cir. 1990).

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization, her request to proceed *in forma pauperis* is granted. The Court finds that plaintiff's complaint must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted. It would be fruitless for plaintiff to file an amended complaint, therefore, she will not be given an opportunity to do so.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's motion to proceed *in forma pauperis* is granted; and

FURTHER, that this case is dismissed with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

DATED: April 17, 2013
Rochester, New York